**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) NON-ARTERITIC ISCHEMIC OPTIC NEUROPATHY PRODUCTS LIABILITY LITIGATION | MDL NO. 3163<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| ADAM NESTOR BAKER,<br>Plaintiff<br><br>v.<br><br>NOVO NORDISK, INC., *et al.*<br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: ________________ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff files this Complaint pursuant to the Direct Filing Order and is to be bound by the rights, protections and privileges, and obligations of that Direct Filing Order and other Orders of the Court. Further, in accordance with the Direct Filing Order, Plaintiff hereby designates the United States District Court for the Southern District of Ohio as Plaintiff's designated venue ("Original Venue"). Plaintiff makes this selection based upon one (or more) of the following factors (check the appropriate box(es)):

X Plaintiff currently resides in Westerville, Ohio.

X Plaintiff purchased and used Defendant(s)' products in Westerville, Ohio.

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Adam Nestor Baker.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging

wrongful death claim: NA.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): NA.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: NA.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

X____ Novo Nordisk Inc.

X____ Novo Nordisk A/S

X____ Eli Lilly and Company

X____ Lilly USA, LLC

_____ other(s) (identify): ______________________________________________

**JURISDICTION AND VENUE**

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence): Westerville, Ohio.

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue: Forever Weight Loss in Lewis Center, Ohio.

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue: Westerville, Ohio.

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury: Westerville, Ohio.

10. Jurisdiction is based on:

X___ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules): _____________________________________________________________________________________________________________________________________________________________________________________________________________________________

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's Order, and/or to where remand could be ordered: Southern District of Ohio.

12. Venue is proper in the District Court identified in Paragraph 11 because:

X___ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there.

13. If applicable, identify the citizenship of any additional Defendant(s) named above: NA.

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

X____ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ______________________________________________

______________________________________________________________________

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product): Plaintiff used the Product from July 2024 to December of 2024.

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

X____ NAION

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _______________________

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): ______________________________________

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)? August 2024 to present day.

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

X____ Injury to self

_____ Injury to person represented

X____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

X____ other(s) (specify): Loss of employment at Phoenix power group where he did the construction scheduling.

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X____ Count I: Failure to Warn – Negligence

X____ Count II: Failure to Warn – Strict Liability

X____ Count III: Breach of Express Warranty/Failure to Conform to Representations

X____ Count IV: Breach of Implied Warranty

X____ Count V: Fraudulent Concealment/Fraud by Omission

X____ Count VI: Fraudulent/Intentional Misrepresentation

X____ Count VII: Negligent Misrepresentation/Marketing

X____ Count VIII: Strict Product Liability Misrepresentation/Marketing

X____ Count IX: Innocent Misrepresentation/Marketing

X____ Count X: Unfair Trade Practices/Consumer Protection (see below)

X____ Count XI: Negligence

X____ Count XII: Negligent Undertaking

X____ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV: Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

______________________________

______________________________

______________________________

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Product Liability Claim pursuant to the Ohio Revised Code 2307.71(13)(a):(c)

______________________________

______________________________

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

Defendants failed to disclose that Ozempic would or could cause harm to Plaintiff such as NAION which has led to permanent damage to Plaintiff's visual acuity.

______________________________

c. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Ohio Consumer Sales Practices Act (CSPA) Ohio Revised Code 1345.03(A).

d. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Defendants knew or should have known about the optic nerve risks but failed to provide adequate warning labels. The generic labels did not explicitly warn about NAION or permanent blindness.

e. Identify the factual allegations supporting those claims:

Plaintiff would not have used Defendant's product had he known about the potential loss of sight NAION.

21. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? NA. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: 11/23/2026

By: /s/ Peter Cozmyk
Peter Cozmyk (0078862)
COZMYK LAW OFFICES, LLC
4807 Rockside Rd., Suite #500
Independence, OH 44131
(877) 570-4440
F: (216) 672-5261
Email: pcozmyk@cozmyklaw.com
***Attorney for Plaintiff Adam Baker***

/s/ Ryan R. Frasher
Ryan R. Frasher (27108-49)
COZMYK LAW OFFICES, LLC
450 East 96th Street,
Suite 500
Indianapolis, IN 46240
(463)345-3475– telephone
(463)345-3859- (fax)
Email: rfrasher@cozmyklaw.com
***Attorney for Plaintiff Adam Baker***